USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/12/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CELLEBRITE INC.,

                Plaintiff,

-against-

AVAIL FORENSICS LLC,

                Defendant.

1:24-cv-06032-MKV

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

MARY KAY VYSKOCIL, United States District Judge:

      In this diversity case, Plaintiff asserts claims for breach of contract. [ECF No. 6]. Plaintiff now moves for the entry of default judgment against Defendant who has not yet appeared in this case or responded to Plaintiff's Complaint. [ECF No. 14]. The Court held a Default Judgment Hearing on December 11, 2024 at 11:00 AM. [ECF No. 19]. For the reasons stated on the record and for the following reasons, the Court denies without prejudice Plaintiff's default judgment motion.

      Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). However, the Second Circuit has an "oft-stated preference for resolving disputes on the merits," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), and therefore "[a] plaintiff is not entitled to default judgment as a matter of right, merely because a party has failed to appear or respond." *LG Funding, LLC v. Florida Tilt, Inc.*, No. 15-CV-631, 2015 WL 4390453, at *2 (E.D.N.Y. July 15, 2015) (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)). "A district court is empowered under Rule 55(b)(2), in the exercise of its discretion, to 'conduct

hearings' to . . . establish the truth of the plaintiff's allegations." *Mickalis Pawn Shop*, 645 F.3d at 129 (quoting Fed. R. Civ. P. 55(b)(2)(B)–(C)).

Furthermore, "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir.2006) (internal quotation marks omitted). Plaintiff bears the burden of proving adequate service. *Hood v. Ascent Med. Corp.*, No. 13 CIV. 628, 2014 WL 5089559, at *2 (S.D.N.Y. Oct. 9, 2014); *accord Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010). In the context of a motion for a default judgment, the Court's "responsibility to ensure that a proper basis for relief exists . . . takes on added weight when analyzing service of process, which implicates due process considerations." *Joe Hand Promotions, Inc. v. Dilone*, No. 19 CV 871, 2020 WL 1242757, at *2 (E.D.N.Y. Mar. 16, 2020).

Defendant is an LLC whose sole member is Troy Vasos. In support of Plaintiff's motion for default counsel for Plaintiff, Mitchell Shelowitz, submitted a declaration that stated, "[a] copy of the summons and complaint was properly served via process server on the Defendant on August 20, 2024 **by personal service** on Troy Vasos at his home." [ECF 14-2 ¶ 9] (emphasis added). Robert Broder, Esq., who made his first appearance in this case two days before the Default Judgment Hearing, [ECF No. 21], appeared at the Default Judgment Hearing and said that service was effectuated by nail and mail service because Plaintiff could not personally serve Defendant. Based on this conflicting information, the Court questioned counsel further regarding whether the service here, *i.e.* nail and mail service, was appropriate for the LLC Defendant under the Federal Rules of Civil Procedure. Counsel for Plaintiff could not provide the Court with any answers regarding whether service was proper under NY CPLR or the law of North Carolina where Mr. Vasos was served. Based on the record before the Court, the Court cannot conclude that Plaintiff

properly served Defendant. Accordingly, Plaintiff's motion for a default judgment is DENIED without prejudice.

**Plaintiff is on notice that failure to properly serve Defendant or failure to provide proof of proper service on Defendant may result in dismissal pursuant to Rule 41(b).**

The Clerk of Court is respectfully requested to terminate the motion pending docket entry 14.

**SO ORDERED.**

**Dated: December 12, 2024**
**New York, New York**

*Mary Kay Vyskocil*
**HON. MARY KAY VYSKOCIL**
**United States District Judge**